1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  U.S. BANK NATIONAL ASSOCIATION,
    SUCCESSOR IN INTEREST TO THE
11  FEDERAL DEPOSIT INSURANCE
    CORPORATION AS RECEIVER FOR
12  DOWNEY SAVINGS AND LOAN
    ASSOCIATION, F.A.,
13
                Plaintiff,                    No. CIV S-11-1979 KJM EFB PS
14
            vs.
15
    JERRY P. HUCKABY,
16
                Defendant.                    ORDER AND
17  _____/         FINDINGS AND RECOMMENDATIONS

18          On July 27, 2011, defendant, proceeding pro se, filed a notice of removal of this unlawful

19  detainer action from the Superior Court of the State of California for Sacramento County. Dckt.

20  No. 1.  This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern

21  District of California Local Rule 302(c)(21).

22          This court has an independent duty to ascertain its jurisdiction and may remand sua

23  sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  "The burden of

24  establishing federal jurisdiction is on the party seeking removal, and the removal statute is

25  strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

26  1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right

1

1  of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As

2  explained below, defendant has failed to meet their burden.

3       Defendant's notice of removal is predicated upon the court's federal question

4  jurisdiction.  Dckt. No. 1 at 2 (citing 28 U.S.C. §§ 1441, 1446).  Defendant contends that "[t]he

5  complaint presents federal questions."  *Id.*  However, a review of the complaint reveals that

6  plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer

7  under state law.  Dckt. No. 1-2 at 3-5 (Compl.).  Therefore, because defendant has not

8  adequately established that plaintiff's complaint alleges a federal claim,[1] the court lacks subject

9  matter jurisdiction and must remand the case.[2]  *See* 28 U.S.C. § 1447(c).

10       Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference

11  currently set for hearing on December 7, 2011, is vacated.[3]

12       IT IS FURTHER RECOMMENDED that the above-captioned case be REMANDED to

13  the Superior Court of the State of California in and for the County of Sacramento.

14       These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  

19      [1] Nor has defendant established that this court has diversity jurisdiction.

20      [2] It is also unclear whether the notice of removal was timely.  Section 1446(b) requires a

21  notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

22  such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on

23  the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).  Here, defendant notes that the complaint was filed in state court "[o]n May 25, 2011," but does not indicate when he was served with or otherwise received a copy of the complaint.  Dckt. No. 1 at 1.

24  

25      [3] As a result, the parties are not required to submit status reports as provided in the July 27, 2011 order.  *See* Dckt. No. 2.  However, if the recommendation of remand herein is not

26  adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

SO ORDERED.

Dated:   September 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3